**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

NAVIGATORS SPECIALTY )
INSURANCE COMPANY, )
      )
      Plaintiff, )
      )
v. )
      )
WIRELESS HORIZON, INC., )
Serve:  c/o Richard E. Heisler, Jr. )
      Registered Agent )
      7870 Mexico Road )
      St. Peters, MO  63376 )
      )
JODI LYNNE POWERS, Individually and, )
on behalf of minor D.A.P., )
Serve at: 516 Yale Blvd. )
      St. Charles, MO  63301 )
      )
MARK W. GARNER, )
Serve at: 1012 Kamptown Drive )      Case No.
      St. Peters, MO  63376 )
      )
PENNY L. RICHARDSON, )
Serve at: 330 Fort Zumwalt Square )
      O'Fallon, MO  63366 )
      )
RICHARD E. HEISLER, )
Serve at: 2430 Dunheath Lane )
      O'Fallon, MO  63368 )
      )
TROY J. HEISLER, )
Serve at: 7101 Whisper Creek Drive )
      Wentzville, MO  63385 )
      )
ROBERT G. LINZOAIN, )
Serve at: 1474 E. Birdland Court )
      Gilbert, AZ  85297 )
      )
DAMION M. RIPPLE, )
Serve at: 17049 Pike 234 )
      Clarksville, MO  63336 )
      )

and                                                         )
                                                            )
JASON D. COOPER,                                            )
Serve at: 32 Skipping Rock Court                            )
        Wentzville, MO  63385                               )
                                                            )
        Defendants.                                         )

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Navigators Specialty Insurance Company ("Navigators"), by and through the undersigned counsel, in accordance with 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment, states as follows:

### I.       NATURE OF THE ACTION

1.      This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Navigators seeks a determination that it has no duty to defend or indemnify under a Commercial Excess Liability insurance policy issued to Defendant Wireless Horizon, Inc. ("WHI") (the "Navigators Policy") with respect to two underlying wrongful death lawsuits currently pending in the Circuit Court for St. Charles County, Missouri (the "Underlying Lawsuits").  The Lawsuits involve claims for wrongful death brought by the families of decedents Martin Powers ("Martin") and Seth Garner ("Seth") against WHI and five individual employees of WHI, following the collapse of a communications tower on March 25, 2014, in Blaine, Kansas (hereinafter referred to as the "Powers Lawsuit" and "Garner Lawsuit," respectively).  A copy of the Navigators Policy is attached as Exhibit A.  A copy of the Powers Lawsuit is attached as Exhibit B.  A copy of the Garner Lawsuit is attached as Exhibit C.

### II.      PARTIES

2.       Navigators is a foreign corporation organized and existing under the laws of the State of New York with its principal place of business in New York, New York.

2

SL 3002411.1

3.      Defendant Wireless Horizon, Inc. is a corporation organized and existing under the laws of the State of Missouri.

4.      Defendant Jodi Lynne Powers ("Powers") is an individual resident and citizen of the State of Missouri, and natural mother and next friend to underlying minor plaintiff D.A.P.

5.      Defendant Mark W. Garner ("Garner") is an individual resident and citizen of the State of Missouri.

6.      Defendant Penny L. Richardson ("Richardson") is an individual resident and citizen of the State of Missouri.

7.      Defendant Richard E. Heisler ("R. Heisler") is an individual resident and citizen of the State of Missouri.

8.      Defendant Troy J Heisler ("T. Heisler") is an individual resident and citizen of the State of Missouri.

9.      Defendant Robert G. Linzoain ("Linzoain") is an individual resident and citizen of the State of Arizona.

10.      Defendant Damion M. Ripple ("Ripple") is an individual resident and citizen of the State of Missouri.

11.      Defendant Jason D. Cooper ("Cooper") is an individual resident and citizen of the State of Missouri.

### III.      JURISDICTION AND VENUE

12.      This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

13.      An actual justiciable controversy between Navigators and Defendants exists within the meaning of 28 U.S.C. § 2201 regarding whether Navigators has a duty to defend or indemnify

SL 3002411.1

WHI or its employees under the Navigators Policy with respect to the claims asserted in the Lawsuits, as more particularly described below.

14.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

15.     Venue is proper in this Court because the underlying litigation giving rise to this action is ongoing in this district.  28 U.S.C. § 1391(b) ("A civil action may be brought in—(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred,…").

## IV.     THE UNDERLYING LAWSUITS

16.     On March 13, 2017, Powers, individually as Martin's wife and as next friend for Martin's daughter D.A.P, filed her First Amended Petition for Damages for Wrongful Death in the Circuit Court for St. Charles County, Missouri, Case No. 1611-CC00215, against WHI, R. Heisler, T. Heisler, Linzoain, Ripple, and Cooper (the "Underlying Defendants"), relating to the death of Martin on March 25, 2014.  *See* Powers Lawsuit, Exhibit B.

17.     Also on March 13, 2017, Garner and Richardson, as natural parents of Seth, filed their First Amended Petition for Damages for Wrongful Death in the Circuit Court for St. Charles County, Missouri, Case No. 1611-CC00207, against the Underlying Defendants, relating to the death of Seth on March 25, 2014.  *See* Garner Lawsuit, Exhibit C.

18.     In the Underlying Lawsuits, Powers, Garner, and Richardson (the "Underlying Plaintiffs") alleged that Union Pacific Railroad Company owned a communications tower in Blaine, Kansas and that WHI was a subcontractor working for Union Pacific or one of its contractors in the process of dismantling the tower.

4

SL 3002411.1

19.     The Underlying Lawsuits allege further that on the morning of March 25, 2014, a wire rope sling broke, causing a gin pole on the tower to fall, which brought the tower down with it, as well as an adjacent tower.

20.     The Underlying Lawsuits allege further that Martin and Seth were each employees of WHI.

21.      The Underlying Lawsuits allege further that Martin and Seth were on the tower and fell to the ground when the tower collapsed.

22.     The Underlying Lawsuits allege further that Martin and Seth suffered injuries from the fall resulting in each of their deaths.

23.     The Underlying Lawsuits allege further that the Underlying Plaintiffs bring claims under Missouri's wrongful death statute, § 537.080 R.S.Mo., against the Underlying Defendants.

24.     The Underlying Lawsuits allege further in Counts I through V that R. Heisler, T. Heisler, Linzoain, Ripple, and Cooper (collectively the "Co-Employee Defendants") were employees of WHI and co-employees of Martin and Seth, and that the deaths of Martin and Seth resulted from affirmative negligent acts by the Co-Employee Defendants that purposefully and dangerously caused or increased the risk of injury to Martin and Seth.

25.     The Underlying Lawsuits allege further in Count VI through VII that WHI is vicariously liable for the acts of the Co-Employee Defendants and further liable because WHI acted with the specific purpose of injuring Martin and Seth.

26.     The Underlying Lawsuits allege that as a result of the conduct of the Underlying Defendants, Martin and Seth were caused to suffer conscious pain and suffering, fear of impending death and ultimate death, and the Underlying Plaintiffs seek damages in excess of $75,000, pecuniary losses, reasonable value of lost services, consortium, companionship, comfort,

SL 3002411.1

instruction, guidance, counsel, training and support and damages suffered by Martin and Seth between the time of injury and death, along with prejudgment interest.

27.    The Underlying Lawsuits allege further in Count VIII that the Underlying Defendants' conduct was outrageous, reckless, and indifferent to the rights of Martin and Seth, justifying the imposition of punitive damages.

## V.    THE UNITED SPECIALTY POLICY

28.    United Specialty Insurance Company ("United Specialty") issued Commercial Lines Policy number USA 4000810 to WHI as the named insured for the policy period from February 16, 2014 to February 16, 2015 (the "United Specialty Policy").

29.    The United Specialty Policy provides coverage under a Commercial General Liability ("CGL") coverage form.

30.    The United Specialty Policy contains an Each Occurrence Limit of $1,000,000[1] and a General Aggregate Limit of $2,000,000.

31.    United Specialty previously agreed to participate in the defense of WHI[2] and provide a defense to the Co-Employee Defendants in the Underlying Lawsuits, subject to an express reservation of all United Specialty's rights under the United Specialty Policy.

---

[1] The Each Occurrence Limit in the United Specialty Policy is a combined limit for bodily injury and property damage liability.

[2] WHI has been provided a defense in the Underlying Lawsuits by United Specialty and Zurich American Insurance Company of Illinois ("Zurich").  Zurich issued an Employer's Liability Insurance Policy to WHI, policy number WC9172307-01 (the "Zurich Policy"). Zurich has reached a settlement with the Underlying Plaintiffs concurrently with the settlement reached between United Specialty and the Underlying Plaintiffs. The Zurich Policy is not otherwise at issue in this lawsuit as the Navigators Policy is not excess to the Zurich Policy.

6

## VI.   THE SETTLEMENT WITH UNITED SPECIALTY

32.   During the pendency of the Underlying Lawsuits, upon information and belief, the Underlying Plaintiffs and Underlying Defendants engaged in alternative dispute resolution with United Specialty and Zurich in an attempt to reach a settlement with those insurers.

33.   Upon information and belief, sometime after the mediation, the Underlying Plaintiffs, the Underlying Defendants, United Specialty, and Zurich reached a settlement in principle calling for settlement payments to be made by United Specialty and Zurich.

34.   As part of the settlement, the Underlying Plaintiffs, the Underlying Defendants, United Specialty, and Zurich negotiated the terms of and entered into an Agreement under Section 537.065 R.S.Mo. (the "Section 065 Agreement"). A copy of the Section 065 Agreement is attached as Exhibit D.

35.   As part of the settlement, pursuant to the Section 065 Agreement, United Specialty agreed to pay the Underlying Plaintiffs a confidential sum which the Underlying Plaintiffs, Underlying Defendants, and United Specialty claim shall be considered an exhaustion of United Specialty's $1,000,000 Each Occurrence Policy Limit.  *See* Section 065 Agreement, Exhibit D.

36.   Upon information and belief, United Specialty previously paid $270,000 in 2016 in settlement of a property damage claim resulting from the same tower collapse, on a claim presented by Alterra American Insurance Company on behalf of its insured Sabre Industries, Inc., leaving $730,000 remaining on the Each Occurrence Policy Limit on the United Specialty Policy.

37.   Upon information and belief, the confidential sum paid to Underlying Plaintiffs on behalf of the Underlying Defendants under the United Specialty Policy is significantly less than $730,000.

SL 3002411.1

38.    The Section 065 Agreement specifies that in consideration of the confidential payment by United Specialty, the Underlying Plaintiffs agree to release United Specialty from any further liability or obligation.

39.    The Section 065 Agreement specifies that the confidential sum paid by United Specialty would be issued within ten (10) days of the order approving the settlement in the Circuit Court of St. Charles, County, Missouri.

40.    On October 5, 2018, the Circuit Court of St. Charles County, Missouri, held an approval hearing regarding the Section 065 Agreement and the settlement payments to be made by United Specialty and Zurich.

41.    The Circuit Court of St. Charles County, Missouri approved the Section 065 Agreement, including the payment by United Specialty, on October 5, 2018, and entered a corresponding Order on that date. A copy of the Order is attached as Exhibit E.

## VII.   THE NAVIGATORS POLICY

42.    Navigators issued a Commercial Excess Liability insurance policy, number HO14EXC804882IC, to named insured WHI for the policy period from February 16, 2014 to February 16, 2015 (the "Navigators Policy"). *See* the Navigators Policy, Exhibit A.

43.    The Navigators Policy Declarations page specifies an Each Occurrence or Event Limit of Insurance of $6,000,000.

44.    The Navigators Policy Excess Declarations page specifies two Underlying Insurance policies to which the Navigators Policy is excess, including the United Specialty Policy with an Each Occurrence Policy Limit of $1,000,000.

45.    The Navigators Policy contains the following relevant provisions in the Commercial Excess Liability Coverage Part (Form NAV-EXC-001 (04/10)):

8

SECTION I – COVERAGE

1.      Insuring Agreement

A.      Excess Liability

1.      We will pay on behalf of the insured and in excess of "underlying limits" those sums

        the insured becomes legally obligated to pay as damages for "loss" to which this

        insurance applies. This insurance applies only if:

        a.      the "loss" is caused by an "event" that takes place in the coverage territory;

        b.      the "loss" occurs during the "policy period;" and

        c.      the "controlling underlying insurance" applies to the "loss."

* * *

2.      Exclusions

        The EXCLUSIONS sections of the "controlling underlying insurance" are made part

        of this policy. If an inconsistency or contradiction exists between an Exclusion of

        this policy and an Exclusion of the "controlling underlying insurance" the Exclusion

        of this policy will apply.

* * *

SECTION II – WHO IS AN INSURED

The WHO IS AN INSURED section of the "controlling underlying insurance" is made part

of this policy. Any person or organization that is an insured in "controlling underlying

insurance" is an insured in this policy to the same extent.

* * *

SECTION IV – CONDITIONS

* * *

10.     Payment of Damages

When the amount of damages payable under this policy has been determined by final

judgment or written settlement agreement between the claimant and us, we will pay that

9

amount, up to our applicable Limits of Insurance, after the "controlling underlying insurance" or the insured has paid the full amount of the "underlying limits."

* * *

Section V – DEFINITIONS

* * *

"Controlling underlying insurance" means the policy listed in the Schedule of Underlying Insurance shown in the Declarations, or its renewal or replacement, which applies to the "loss," or would have applied but for:

    a.     an exclusion in that policy; or

    b.     the exhaustion or erosion of an aggregate limit of insurance;

    If more than one policy is listed in the Schedule, the "controlling underlying insurance" is the policy which applies after the "loss" of would have applied but for the reasons a. or b. listed above.

* * *

"Underlying limits" means the amounts shown in the Declarations as the minimum limits of insurance to be provided by "controlling underlying insurance."

* * *

46.    The Navigators Policy, by following the forms of the United Specialty Policy exclusions, contains the following policy endorsement titled "Action Over Exclusion" (Form CGL 1702 11/00):

It is agreed that the following change is made to Coverage A.2. Exclusions:

Exclusion e. Employer's Liability is deleted in its entirety and replaced with the following:

e.     Employer's Liability

"Bodily injury" to:

10

(1)      An "employee" of the named insured arising out of and in the course of:

(a) Employment by the named insured; or

(b) Performing duties related to the conduct of the named insured's business; or

(2)      The spouse, child, parent, brother or sister or that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1) Whether the named insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

* * *

47.      The Navigators Policy, by following the forms of the United Specialty Policy, contains the following relevant provisions regarding who is an "insured" (Form CG 00 01 12 07):

SECTION II – WHO IS AN INSURED

1.      If you are designated in the Declarations as:

* * *

d.      An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers and directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

* * *

2.      Each of the following is also an insured:

a.      Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your

11

managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

    (1) "Bodily injury" or "personal or advertising injury":

        (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

        (b) To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph (1)(a) above…

\* \* \*

## COUNT I – DECLARATORY JUDGMENT

48.    Navigators hereby incorporates and re-alleges the allegations set forth in paragraphs 1 - 47 as if fully set forth herein.

49.    There is a genuine and bona fide dispute and an actual controversy and disagreement between Navigators and Defendants regarding whether Navigators has a duty to defend and indemnify the Underlying Defendants against the claims asserted by the Underlying Plaintiffs in the Underlying Lawsuits, and litigation as to this controversy is imminent and inevitable.

50.    For the reasons stated herein, Navigators hereby denies any and all coverages and liability to the Defendants under the Navigators Policy for the claims asserted in the Underlying Lawsuits.

SL 3002411.1

51.     All necessary and proper parties are before the Court for the matter in controversy, and there is no other litigation between the parties concerning their rights and obligations under the Navigators Policy.

52.     Navigators is reserving and preserving any and all rights and defenses under the Navigators Policy and the law.

53.     Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. 2201 and 2202, Navigators in good faith requests that the Court declare the following:

a.     Navigators has no duty to defend or indemnify WHI or the Co-Employee Defendants or otherwise provide coverage in connection with the claims asserted in the Underlying Lawsuits because there has been no trigger of the Navigators Policy as United Specialty has not paid the full limits of the United Specialty Policy;

b.     Navigators has no duty to defend or indemnify WHI or the Co-Employee Defendants or otherwise provide coverage in connection with the claims asserted in the Underlying Lawsuits because the "Action Over" Exclusion precludes coverage as Martin and Seth were undisputedly employees of WHI performing their duties for WHI at the time of their deaths;

c.     Navigators has no duty to defend or indemnify the Co-Employee Defendants or otherwise provide coverage in connection with the claims asserted in the Underlying Lawsuits because the Co-Employee Defendants are not considered "insureds" under the Navigators Policy for co-employee liability under the terms of the policy language; and

d.     Navigators has no duty or obligation under the 065 Agreement or otherwise to the Underlying Plaintiffs in connection with claims asserted in the Underlying Lawsuits

13

because there is no coverage for the Underlying Lawsuits by the terms of the Navigators Policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Navigators Specialty Insurance Company prays this Honorable Court to declare the rights of the parties under the Navigators Policy and enter judgment finding, adjudicating and declaring that:

(1) Navigators has no duty to defend of indemnify WHI or the Co-Employee Defendants in connection with the claims asserted in the Underlying Lawsuits;

(2) Navigators has no duty to provide coverage for the claims asserted by the Underlying Plaintiffs in the Underlying Lawsuits because United Specialty has not paid the full limits of the United Specialty Policy;

(3) Navigators has no duty to provide coverage for the claims asserted by the Underlying Plaintiffs in the Underlying Lawsuits because the "Action Over" exclusion precludes coverage for bodily injury to employees of WHI or their resulting family members, and Martin and Seth were employees of WHI performing their duties for WHI at the time of their deaths;

(4) the Co-Employee Defendants are not "insureds" under the Navigators Policy for the claims asserted in the Underlying Lawsuits;

(5) the Navigators Policy provisions and exclusions preclude any coverage for the claims asserted in the Underlying Lawsuits; and

(6) grant such other and further relief as this Court deems just and proper.


Dated: October 17, 2018

14

SL 3002411.1

Respectfully submitted,

SPENCER FANE LLP

By:_____/s/ Erik O. Solverud_____
     Erik O. Solverud, #44291MO
     Megan D. Meadows, #60669MO
     1 N. Brentwood Blvd., Suite 1000
     St. Louis, MO 63105
     Telephone: (314) 863-7733
     Facsimile: (314) 862-4656
     esolverud@spencerfane.com
     mmeadows@spencerfane.com

     *Attorneys for Plaintiff Navigators*
     *Specialty Insurance Company*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| WIRELESS HORIZON, INC., et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Jason D. Cooper
32 Skipping Rock Court
Wentzville, MO  63385

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Erik O. Solverud
Spencer Fane LLP
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO  63105

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

### Eastern District of Missouri

NAVIGATORS SPECIALTY INSURANCE COMPANY

|  |  |
|---|---|
| *Plaintiff* | ) ) ) |
| v. | ) |
| WIRELESS HORIZON, INC., et al. | ) ) ) |
| *Defendant* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Damion M. Ripple
17049 Pike 234
Clarksville, MO  63336

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Erik O. Solverud
Spencer Fane LLP
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO  63105

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | | |
|---|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| WIRELESS HORIZON, INC., et al. | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Robert G. Linzoain
1474 E. Birdland Court
Gilbert, AZ  85297

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Erik O. Solverud
Spencer Fane LLP
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO  63105

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

NAVIGATORS SPECIALTY INSURANCE COMPANY

|  |  |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) |
| WIRELESS HORIZON, INC., et al. | ) |
| | ) |
| _____ | ) |
| *Defendant* | |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Troy J. Heisler
7101 Whisper Creek Drive
Wentzville, MO  63385

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Erik O. Solverud
Spencer Fane LLP
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO  63105

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

NAVIGATORS SPECIALTY INSURANCE COMPANY

_____
*Plaintiff*

v.

WIRELESS HORIZON, INC., et al.

_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Richard E. Heisler
2430 Dunheath Lane
O'Fallon, MO  63368

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Erik O. Solverud
Spencer Fane LLP
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO  63105

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑  I returned the summons unexecuted because _____ ; or

❑  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

NAVIGATORS SPECIALTY INSURANCE COMPANY

_____
*Plaintiff*

v.

WIRELESS HORIZON, INC., et al.

_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Penny L. Richardson
330 Fort Zumwalt Square
O'Fallon, MO  63366


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Erik O. Solverud
Spencer Fane LLP
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO  63105


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: _____          _____
                                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑  I returned the summons unexecuted because _____ ; or

❑  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY<br><br>_____<br>*Plaintiff*<br>v.<br>WIRELESS HORIZON, INC., et al.<br><br>_____<br>*Defendant* | )<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Mark W. Garner
1012 Kamptown Drive
St. Peters, MO  63376

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Erik O. Solverud
Spencer Fane LLP
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO  63105

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):*

_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                              *Server's signature*

                                    _____
                                              *Printed name and title*


                                    _____
                                              *Server's address*


Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

NAVIGATORS SPECIALTY INSURANCE COMPANY

_____

*Plaintiff*

v.

WIRELESS HORIZON, INC., et al.

_____

*Defendant*

)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Jodi Lynne Powers, Individually and, on behalf of minor D.A.P.
516 Yale Blvd.
St. Charles, MO  63301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Erik O. Solverud
Spencer Fane LLP
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO  63105

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

NAVIGATORS SPECIALTY INSURANCE COMPANY

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| WIRELESS HORIZON, INC., et al. | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Wireless Horizon, Inc.
c/o Richard E. Heisler, Jr.
Registered Agent
7870 Mexico Road
St. Peters, MO  63376

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Erik O. Solverud
Spencer Fane LLP
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO  63105

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):*

                                                                                                                          .


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .


I declare under penalty of perjury that this information is true.


Date: _____

                                        _____
                                                          *Server's signature*

                                        _____
                                                        *Printed name and title*

                                        _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

NAVIGATORS SPECIALTY
  INSURANCE COMPANY

_____,          )

       Plaintiff (s),          )

                                )

       v.          )          Case No.

                                )

WIRELESS HORIZON,
  INC., et al.

_____,          )

       Defendant(s).          )

## NOTICE OF INTENT TO USE
## PROCESS SERVER

Plaintiff

Comes now _____ and notifies the court of the intent to use
        (Plaintiff or Defendant)

Direct Access Legal Services, Inc.
_____

    (name  and address of process server)

165 E Southern, Suite 103
_____

Mesa, AZ  85210
_____

Robert G. Linzoain

To serve:
_____in the
    (name of defendants to be served by this process server)

above-styled cause.  The process server listed above possesses the

requirements as stated in Rule 4 of the Federal Rules of Civil Procedure.

The undersigned affirms the information provided above is true and correct.

10/17/2018
_____          /s/ Erik O. Solverud
    (date)              (attorney for Plaintiff)

                       _____
                       (attorney for Defendant)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY | ) |
| _____, | ) |
| Plaintiff (s), | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| WIRELESS HORIZON, INC., et al. | ) |
| _____, | ) |
| Defendant(s). | ) |

## NOTICE OF INTENT TO USE
## PROCESS SERVER

Comes now _____Plaintiff_____ and notifies the court of the intent to use

(Plaintiff or Defendant)

_____Markell & Associates_____

(name  and address of process server)

_____2300 Westport Plaza, #202_____

_____St. Louis, MO  63146_____

To serve: Wireless Horizon Inc, Jodi Lynne Powers, Mark Garner, Penny Richardson, Richard Heisler, Troy Heisler, Damion Ripple, Jason Cooper in the

(name of defendants to be served by this process server)

above-styled cause.  The process server listed above possesses the

requirements as stated in Rule 4 of the Federal Rules of Civil Procedure.

The undersigned affirms the information provided above is true and correct.

_____10/17/2018_____

(date)

_____/s/ Erik O. Solverud_____

(attorney for Plaintiff)

_____

(attorney for Defendant)